2009 UT 72

**SNOW, CHRISTENSEN & MARTINEAU;** Raymond Scott Berry; Willie Jessop; Dan Johnson; and Merlin Jessop, Petitioners,

v.

**The Honorable Denise P. LINDBERG,** Respondent.

No. 20080928.

Supreme Court of Utah.

Nov. 3, 2009.

Michael D. Zimmerman, Troy L. Booher, Katherine A. Carreau, Salt Lake City, James C. Bradshaw, Mark R. Moffat, Sandy, for petitioners.

Brent M. Johnson, Salt Lake City, for respondent.

Mark L. Shurtleff, Att'y Gen., Annina M. Mitchell, Timothy A. Bodily, Randy S. Hunter, Asst. Att'ys Gen., Salt Lake City, for State of Utah.

Jeffrey L. Shields, Zachary T. Shields, Mark L. Callister, Michael D. Stanger, Salt Lake City, for United Effort Plan Trust by Bruce R. Wisan.

Roger H. Hoole, Heather E. Morrison, Gregory N. Hoole, Salt Lake City, for Richard Jessop Ream, et al.

Terry Goddard, Att'y Gen., William A. Richards, Chad B. Sampson, Asst. Att'ys Gen., Phoenix, AZ, for State of Arizona.

PER CURIAM:

¶1 This matter was filed as a petition under rule 8A of the Rules of Appellate Procedure. We dismiss the petition without prejudice and take this opportunity to clarify the scope and purpose of rule 8A.

¶2 This petition arises from a dispute relating to the district court's supervision of the "United Effort Plan Trust." On November 10, 2008, Petitioners filed a pleading with this court captioned as a "Rule 8A Petition for Emergency Relief." The petition stated it was filed "pursuant to Rules 8A and 19 of the Rules of Appellate Procedure," and specified two requests for emergency relief: (1) a stay of a hearing scheduled for November 14, 2008, and (2) a stay of enforcement of an order requiring disclosure of communications that Petitioners asserted were protected by attorney-client privilege. The latter request was presented in the context of the district court's disqualification of Snow, Christensen & Martineau as counsel for members of the Fundamentalist Church of Jesus Christ of Latter-day Saints (FLDS Church). This court initially denied the request for stay of the November 14 hearing but entered a provisional stay as to the district court's disqualification of Snow, Christensen & Martineau and the disclosure of the purportedly privileged communications. It also requested supplemental pleadings and scheduled oral argument.

¶3 The petition also indicated an intent to "file separate Rule 19 review petitions" challenging three related rulings by the district court. However, the parties to the underlying dispute thereafter undertook settlement negotiations and moved this court to stay the matter pending the outcome of those negotiations. On November 19, 2008, this court granted the motion, which had the effect of canceling the previously requested supplemental pleadings and oral argument. In light of these developments, Petitioners did not file the separate rule 19 petition originally anticipated by their rule 8A petition.

¶4 Recently, Petitioners have asserted that settlement negotiations have failed. They also have moved to "lift stay and reset briefing and oral argument." Real Parties in Interest the State of Utah, the State of Arizona, and the Court-appointed Trustee of the United Effort Plan Trust have opposed the motion for various reasons. For the reasons briefly explained below, we dismiss the petition.

¶5 As a preface to this explanation, a brief overview of rule 8A of the Rules of Appellate Procedure is in order. The stated purpose of rule 8A is to provide "emergency relief . . . sought within a time period shorter than specified by otherwise applicable rules." In essence, this rule acknowledges there may be circumstances where the established procedural mechanisms for obtaining appellate relief are not sufficiently expeditious. It does not, however, purport to supplant those mechanisms. At most, it shortens the time frames for addressing appellate matters when adherence to the regular deadlines would effect a denial of justice.

¶6 Rule 8A accomplishes its ends by designating the relief sought as "emergency" and by providing a very abbreviated time for response. Although the rule describes a "petition" rather than a "motion," it does not purport to independently invoke appellate jurisdiction. There may be circumstances where limited provisional forms of relief (e.g., an emergency stay to preserve the status quo) can be obtained prior to the formal invocation of appellate jurisdiction,[1] but rule 8A cannot be employed to independently invoke that jurisdiction. Accordingly, appellate jurisdiction must be contemporaneously and properly invoked by some distinct method before an appellate court may grant anything other than provisional relief under rule 8A.

¶7 Moreover, because the abbreviated response deadline has the effect of placing a substantial burden on respondents,[2] a

---

1. See Utah Code Ann. §§ 78A–3–102(2) & 78A–4–103(1)(b), describing appellate courts' authority to issue "writs and process . . . in aid of [their] jurisdiction."

2. For the same reason, rule 8A should not be employed as a means for harassing or unjustifiably burdening respondents when ordinary procedural mechanisms would be adequate. This includes the circumstance where the "emergen-

rule 8A petition should not incorporate requests for relief that require something less than emergency treatment.[3] To promote compliance with this directive, we now hold a rule 8A petition cannot be combined with another petition that invokes appellate jurisdiction.[4] We believe this is essential to avoid placing an unfair burden on respondents. Neither respondents nor appellate courts should be required to devote substantial time and effort on an expedited basis to nonemergency requests for relief merely because a litigant has chosen to bundle those requests with emergency claims in a rule 8A petition.[5]

¶8 We note that we do not perceive any abusive intent or action in this case. Petitioners sought to invoke rule 19 in addition to rule 8A, evidently seeking to confer jurisdiction on this court. Their petition also focused on those elements of relief that most plausibly could justify expedited treatment. Nonetheless, applying the principles discussed above, we determine that we lack jurisdiction to take further action on the rule 8A petition because no invocation of our jurisdiction was accomplished by a separate

pleading. According to the ruling described above, we also deem the petition's reference to rule 19 to be insufficient to invoke our jurisdiction.[6] Further appellate treatment, if any, of the limited issues presented by the original rule 8A petition must be accomplished by renewed action consistent with this decision.[7]

¶9 This petition is dismissed without prejudice. The stay relating to disqualification and disclosure of communications, however, will remain in place for thirty days from the date of the issuance of this decision. If Petitioners desire to maintain the stay (or one similar to it) beyond that time, a new request must be submitted in the context of an appropriate invocation of this court's jurisdiction.

cy" has arisen from petitioners' own unjustified delay in seeking relief. Appellate courts also retain the discretion to waive the abbreviated response deadline when it is apparent on the face of the petition that emergency relief is unnecessary or unjustified.

3. This does not mean a rule 8A petition cannot reference nonemergency claims or requests for relief as a justification for the relief it *does* request (or to provide necessary context). The rule 8A petition need only recognize that it is not the instrument for obtaining nonemergency relief.

4. Notwithstanding this directive, a rule 8A petition may be combined with a motion for a stay under rule 8 of the Rules of Appellate Procedure, provided the requirements of both provisions are met by the same pleading. In other words, we see no reason to require a separate rule 8 motion under conditions where a rule 8A petition can serve the same purposes (though the filing of a separate rule 8 motion also could be appropriate). The appellate court also may choose to grant a provisional stay under rule 8A, followed by a decision under rule 8 as to whether to lift the stay or render it more permanent pending resolution of the merits of an issue for which its jurisdiction is properly and independently invoked.

5. For example, assume the circumstance where a party ordinarily would be permitted to seek some form of relief via a rule 5 petition for interlocu-

tory appeal or a rule 19 petition for extraordinary relief. However, the ability to obtain that relief will be irrevocably impaired if an imminent lower court order goes into effect, and attempts to obtain a stay have been unsuccessful or would be futile. The appropriate procedure would be to file a rule 8A petition limited to a requested provisional stay of the order, accompanied (or shortly followed) by a separate rule 5 or rule 19 petition (and possibly a motion under rule 8 to render the stay more permanent). The separate rule 5 or rule 19 petition would then address the asserted error in the underlying proceedings, with the ordinary time lines applying to any response.

6. A renewed invocation of this court's jurisdiction presented in the light of the current status of the case also likely would present a better posture for treatment of the petition's issues.

7. At least one of the issues presented by the rule 8A petition is no longer relevant. We declined to stay the November 14, 2008 hearing, which subsequently was canceled. Although it appears similar proceedings have recommenced in the district court, the original petition was not specifically directed at those proceedings and we decline to apply it to those proceedings by analogy.